PILGRIM SERVICE COMPANY

*v.*

ASHLAND CHRYSLERPLYMOUTH, INC.

(No. 14826)

Decided March 26, 1982.

*Baer, Napier & Colburn and James Allan Colburn* for appellant.

No appearance for appellee.

PER CURIAM:

The appellant is this proceeding, Pilgrim Service Company, sued Ashland Chrysler-Plymouth, Inc., a Kentucky corporation, in the Circuit Court of Cabell County for breach of contract. Ashland moved to dismiss on the ground that it had no contacts with West Virginia and that the West Virginia court thus lacked jurisdiction to consider the action. The circuit court granted Ashland's motion. Pilgrim argues that the circuit court erred in so ruling. We agree, and we reverse the dismissal order.

Pilgrim Service Company entered into an agreement with Ashland Chrysler-Plymouth, Inc., whereby Pilgrim leased certain linen items and clothing to Ashland. Pilgrim also agreed to launder the items on a routine basis. It appears from the contract that the laundering was to take place at Pilgrim's place of business.

Pilgrim instituted this action by filing a complaint in the Circuit Court of Cabell County. The complaint alleged that Ashland had failed to pay for goods and services provided under the agreement. Since Ashland was a non-resident corporation a copy of the complaint was served on the Secretary of State pursuant to the provisions of the West Virginia Long Arm Statute, *W.Va. Code*, 31-1-15 [1975]. The Secretary of State forwarded a copy of the complaint to Ashland by mail. After receiving the

complaint Ashland moved to dismiss on the ground that the West Virginia court lacked jurisdiction to hear the case.

In support of the motion to dismiss, Ashland filed an affidavit executed by George Mills, its Vice-President. The affidavit indicated that Ashland was a Kentucky corporation with its sole place of business in Kentucky. It also indicated that it did not have an officer, salesman, or agent in West Virginia and that it had never transacted business in West Virginia. The affidavit stated that the contract with Pilgrim had been entered into in Kentucky, and it was to be carried out in Kentucky.

Pilgrim filed a counter affidavit saying among other things, that the parties had deemed the contract to have been made in Huntington, West Virginia. It also indicated that Pilgrim's place of business was located in Huntington, and the goods and services were to be supplied at that place of business.

After conducting a hearing, the circuit court on February 1, 1980, granted Ashland's motion and dismissed the action.

Our rule regarding jurisdiction for maintaining a contract action against a foreign corporation is set forth in syllabus point 4 of *State ex rel. Coral Pools, Inc. v. Knapp,* 147 W.Va. 704, 131 S.E.2d 81 (1963):

> "When a foreign corporation which has not qualified to do business in this state in compliance with pertinent statutory provisions is served with process pursuant to the provisions of Code, 1931, 31-1-71, as amended, in an action instituted in a court of this state arising from a contract to be performed in this state and made by such foreign corporation with a resident of this state, the court may obtain personal jurisdiction over such foreign corporation if it appears that the constitutional requirements of due process of law are thereby satisfied. In such circumstances, the constitutional requirements of due process of law are satisfied if it appears that the foreign corporation has had contacts with the state of the forum

which are sufficient to make it reasonable and just, according to traditional notions of fair play and substantial justice, to compel the defendant corporation to defend itself in the court of the forum state. It is sufficient for the purposes of due process that the action instituted in the court of the forum state be based on a contract which had substantial connection with that state."

The *Knapp* case involved contracts between a non-resident manufacturer of swimming pool kits and a West Virginian who proposed to sell the kits. The evidence showed that the manufacturer had never qualified to do business in West Virginia and that none of its officers or agents had come within the State in connection with making the contracts. One contract had been made in Ohio. The other had been made by long distance telephone calls. Under the contracts the manufacture agreed to supply the West Virginian with a kit to be used for demonstration purposes, and the West Virginian undertook to sell the kits. The misunderstanding resulting in the contract action arose before the sample kit was shipped and before the West Virginian had commenced selling the kits. We found that the manufacturer had sufficient contacts with West Virginia to give the West Virginia court jurisdiction to consider the case.

In the case before us it appears that Ashland contracted for goods which were to be supplied from West Virginia. It also appears that after they were initially delivered to Kentucky, they were to be repeatedly returned to West Virginia for routine laudering. Pilgrims' affidavit indicated that the contract was deemed by the parties to have been made in West Virginia. The headings on the contract forms would seem to support that assertion. Given these points we believe that substantial performance of the contract was to occur in West Virginia and that Ashland's contracts with West Virginia were as significant as those of the pool manufacturer in *State ex rel. Coral Pools, Inc, v. Knapp, supra*. We conclude that under syllabus point 4 of that case Ashland had sufficient contacts with West Virginia to support the West Virginia court's entertaining the action.

Accordingly the order of the Circuit Court of Cabell County dismissing Pilgrim's action is reversed, and this case is remanded for trial.

*Reversed and remanded.*